UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**SUSAN B. LONG,**
Co-Director, Transactional Records
Access Clearinghouse
488 Newhouse II
Syracuse University
Syracuse NY 13244,

**DAVID BURNHAM,**
Co-Director, Transactional Records
Access Clearinghouse
Suite 200
1718 Connecticut Ave. NW
Washington DC 20009,

and

**LARRY KATZMAN,**
Manager, Transactional Records
Access Clearinghouse
Suite 200
1718 Connecticut Ave. NW
Washington DC 20009,

      Plaintiffs,

      v.

**DEPARTMENT OF HOMELAND SECURITY,**
Washington DC 20528,

      Defendant.

Civil Action No. _____

**COMPLAINT FOR INJUNCTIVE RELIEF**

1.    This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief and seeking the expedited processing, disclosure and release of agency records requested by and improperly

withheld from plaintiffs by U.S. Immigration and Customs Enforcement ("ICE"), a component of defendant Department of Homeland Security ("DHS").

## Jurisdiction and venue

2.      This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B), 552(a)(6)(C)(i).  This court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  Venue lies in this district under 5 U.S.C. 552(a)(4)(B).

## Parties

3.      Plaintiff Susan B. Long is Associate Professor at the Whitman School of Management, Syracuse University, teaching in the area of managerial statistics, and Co-Director of the Transactional Records Access Clearinghouse ("TRAC"), a research center that aims to provide the public with comprehensive information about activities of the federal government.  She has more than 25 years experience studying the federal government, and her areas of expertise include measurement and evaluation methods, e-government and information technology, data mining, and data visualization methods appropriate for large transactional data.  Her publications include *Design and Delivery of Online Mining Tools: Turning Government Data Into Usable Information,* and *Data Warehouses and Data Mining Tools for the Legal Profession: Using Information Technology to Raise the Standard of Practice,* both with Linda Roberge and David Burnham.

4.      Plaintiff David Burnham is a researcher, writer, and investigative reporter.  He is also Co-Director of TRAC, where he specializes in the critical

examination of government enforcement agencies.  Prior to co-founding TRAC, he was for eighteen years a reporter with the *New York Times*.  He is author of the books *Above the Law: Secret Deals, Political Fixes, and Other Misadventures of the U.S. Department of Justice; A Law Unto Itself: Power, Politics and the IRS;* and *The Rise of the Computer State.*

5.     Plaintiff Larry Katzman is Manager of the Immigration Project at TRAC.  He is a graduate of the Emory University College of Law with 16 years experience in immigration law and policy.  Prior to his work for TRAC, he worked for the Northwest Immigrant Rights Project (Seattle, WA), the United Nations High Commissioner for Refugees (Washington, DC), and the Just Neighbors Immigrant Ministry (Arlington, VA).

6.     TRAC's purpose is to provide the public with comprehensive information about activities of the federal government.  To that end, TRAC maintains compilations of data about numerous branches of the federal government, including specific projects on the ATF, IRS, DEA, DHS, and FBI.  TRAC also performs analyses of the data it receives.  TRAC maintains a web site at http://trac.syr.edu/, at which much of its information and analyses are available.

7.     One of TRAC's recent efforts is its Immigration Project (the "Project"), which began in 2005.  The Project aims to compile a detailed set of information about the federal government's activities relating to immigration, systematically analyze that data, and make it available to Congress, the news media, interested groups, and the public.  The Project has attracted substantial support from

nonprofit organizations, including funding from the JEHT Foundation, the Ford Foundation, and Syracuse University. To date, the Project has published reports on the resources devoted to and effectiveness of border control efforts, the inspection of immigrants when arriving to the United States, and the prosecution and sentencing of immigrants who commit crimes.

8. Defendant DHS is a Department of the Executive Branch of the United States Government. The DHS is an agency within the meaning of 5 U.S.C. § 552(f). The ICE is an investigative branch of the DHS, charged with enforcing United States immigration and customs laws.

### The current controversy over law enforcement against aliens, in the Supreme Court, Congress, and the public

9. The questions of what US government policy on immigration should be, and how federal immigration laws should be enforced, are currently issues of great controversy and substantial public debate in the Supreme Court, Congress, the White House, and the public.

10. The Supreme Court has granted certiorari in *Lopez v. Gonzales*, a case in which the Supreme Court will consider the applicability of "aggravated felony" provisions of federal law on aliens convicted of state drug laws.

11. The government's response to Lopez's petition for a writ of certiorari agreed that the question presented was an important one on which the courts of appeals disagreed, and that the case would be an appropriate opportunity to resolve the disagreement. The response also noted that:

> The question of when state felony drug offenses constitute aggravated felonies under the INA is a frequently recurring issue of significant importance. The Department of Homeland Security has informed this Office that, in Fiscal Year 2005, more than 77,000 aliens with criminal records were ordered removed from the United States, and that approximately 9.5% of those aliens had arrests for drug possession offenses.

12. Congress is currently debating a series of bills that would change immigration enforcement law in the United States. Some of these bills, including one passed by the House in December 2005, would expand the definition of "aggravated felony" or subject aliens — and third parties who assist aliens — to new criminal laws. Others would couple stronger enforcement of immigration laws with laws providing some aliens a potential path to citizenship.

13. Given the present debate over immigration law and immigration policy, it is essential that the public, and decision-makers in Congress and the Supreme Court, have access to the broadest possible information regarding the effects of US immigration enforcement on aliens.

### Plaintiffs' FOIA request and request for expedited processing

14. Seeking to uncover information that might provide context for the Supreme Court's consideration of the *Lopez* case, plaintiffs filed several FOIA requests for information relating to the removal of aliens with criminal records.

15. By a letter to ICE dated February 2, 2006, plaintiffs submitted a FOIA request for the source document for the government's claim, quoted *supra* at ¶ 11, that in 2005 "more than 77,000 aliens with criminal records were ordered removed from the United States, and that approximately 9.5% of those aliens had arrests for drug possession offenses."

16.     By a letter to ICE dated April 24, 2006, plaintiffs submitted another FOIA request, this time seeking

> any and all existing analyses, memos, reports, tabulations, memos and other forms of communication or recordings (letters, emails, telephone notes, etc.) that contain statistical information regarding the number of aliens, particularly lawful permanent residents, with arrests and/or convictions for drug possession.

The letter further requested

> statistical information not only on [the aliens'] numbers but also on (a) their immigration status, (b) their characteristics (for example, how long they have been in the United States, the number and status of children, how long ago the arrest or conviction took place), (c) whether or not they were classified as aggravated felons, and (d) the outcome of their cases, (for example, have they been ordered removed, was removal judicial or administrative, have they granted some form of relief?).

17.     The letter noted that much of the information plaintiffs sought would be available in the DACS database in the DECISION-CODE, ENT-DATE, and CHILD-STAT fields.

18.     In their letter requesting this information, plaintiffs also asked that its request be expedited pursuant to 5 U.S.C. § 552(a)(5)(E) and 6 C.F.R. § 5.5(d), noting that (1) the requester is "primarily engaged in disseminating information," and (2) there is "urgency to inform the public concerning actual or alleged Federal Government activity."

19.     By another letter, also dated April 24, 2006, plaintiffs asked that its previous FOIA request, dated February 1, 2006, be expedited pursuant to 5 U.S.C. § 552(a)(5)(E) and 6 C.F.R. § 5.5(d).

20. On information and belief, on April 25, 2006, DHS received both letters dated April 24, 2006.

**Defendant DHS's failure to timely comply with plaintiffs' request**

21. As of May 9, 2006, DHS has not provided the documents requested by plaintiffs in their FOIA requests.

22. As of May 9, 2006, DHS has not informed plaintiffs of a decision on its outstanding requests for expedited processing, notwithstanding the requirement of its own regulations that DHS provide a written response within ten calendar days to a request for expedited processing.  6 C.F.R. § 5.5(d)(4).

23. Plaintiffs have exhausted the applicable administrative remedies.

24. Defendant has wrongfully withheld the requested documents from plaintiffs.

**Requested relief**

WHEREFORE, plaintiffs pray that this Court expedite this matter and:

A. order defendant to process immediately the requested records in their entirety;

B. order defendant, upon completion of such expedited processing, to disclose the requested records in their entirety and make copies available to plaintiffs;

C. award plaintiffs their costs and reasonable attorneys fees incurred in this action; and

D. grant such other relief as the Court may deem just and proper.

Respectfully submitted,

May 9, 2006

/s/
_____
ALAN A. PEMBERTON
D.C. Bar No. 367108

ROGER A. FORD*
Massachusetts Bar No. 664675

COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
Washington DC 20004-2401

(202) 662-6000

Counsel for Plaintiffs

*Not admitted to the District of Columbia Bar or the bar of this Court. Supervised by principals of the firm.*