UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SUSAN B. LONG, ET AL.,

Plaintiffs,

v.

DEPARTMENT OF HOMELAND SECURITY,

Defendant.

Civil Action No. _____

EXHIBITS IN SUPPORT OF PLAINTIFFS'
MOTION FOR A PRELIMINARY INJUNCTION

The following Exhibits are included in support of Plaintiffs' Motion for a

Preliminary Injunction.

Exhibit A.    Petition for Writ of Certiorari, *Lopez v. Gonzales*, No. 05-547

(Sup. Ct. filed Oct. 23, 2005).

Exhibit B.    Brief of Respondent on Petition for Writ of Certiorari, *Lopez v.

Gonzales*, No. 05-547 (Sup. Ct. filed Jan. 24, 2006).

Exhibit C.    Supreme Court Order List (April 3, 2006).

Exhibit D.    Question Presented, *Lopez v. Gonzales*, No. 05-547 (Sup. Ct.

April 3, 2006).

Exhibit E.    Carolyn Lochhead, *A Million Say: Let Us All Stay; A Backlash

Could Hamper Chances for Reform*, S.F. Chron., May 2, 2006, at A1.

Exhibit F.    Randall C. Archibald, *Immigrants Take to U.S. Streets in Show

of Strength*, N.Y. Times, May 2, 2006, at A1.

Exhibit G.    Plaintiffs' First FOIA Request, Feb. 1, 2006.

Exhibit H.    Letter from Plaintiffs to ICE FOIA Office, March 8, 2006.

Exhibit I.    Plaintiffs' Second FOIA Request, Apr. 24, 2006.

Exhibit J.    Plaintiffs' Letter Requesting Expedited Processing of February 1 FOIA Request, April 24, 2006.

Exhibit K.    Transactional Records Access Clearinghouse, About Us, available at http://trac.syr.edu/aboutTRACgeneral.html.

Exhibit L.    Richard Willing, *FBI cases drop as it focuses on terror*, USA Today, April 13, 2006.

Exhibit M.    David Burnham biography, available at http://www.epic.org/ epic/board/burnham/.

Exhibit N.    Susan Long biography, available at http://whitman.syr.edu/ people/facultymember.asp?fac=38.

Exhibit O.    TRAC Immigration, About the Project, available at http://trac.syr.edu/immigration/about.html.

Respectfully submitted,

May 8, 2006

/s/
_____
ALAN A. PEMBERTON
D.C. Bar No. 367108

ROGER A. FORD*
Massachusetts Bar No. 664675

COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2401

(202) 662-6000

Counsel for Plaintiffs

*Not admitted to the District of
Columbia Bar or the bar of this Court.
Supervised by principals of the firm.*

# Exhibit A

No. 05-

# IN THE

# Supreme Court of the United States

———————

JOSE ANTONIO LOPEZ,

*Petitioner,*

v.

ALBERTO GONZALES, ATTORNEY GENERAL
OF THE UNITED STATES,

*Respondent.*

———————

**ON PETITION FOR A WRIT OF CERTIORARI
TO THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT**

———————

**PETITION FOR A WRIT OF CERTIORARI**

———————

Patricia G. Mattos
MATTOS LAW OFFICE
595 Selby Ave.
St. Paul, Minn. 55012
(651) 726-2514

Robert A. Long
  *Counsel of Record*
Theodore P. Metzler
COVINGTON & BURLING
1201 Pennsylvania Ave., NW
Washington, DC 20004-2401
(202) 662-6000

October 31, 2005

*Counsel for Petitioners*

## QUESTION PRESENTED

Whether an immigrant who is convicted in state court of a drug crime that is a felony under the state's law but that would only be a misdemeanor under federal law has committed an "aggravated felony" for purposes of the immigration laws.

## TABLE OF CONTENTS

**Page**

QUESTION PRESENTED...................................................i

TABLE OF CONTENTS ................................................. iii

TABLE OF AUTHORITIES................................................v

OPINIONS BELOW ............................................................1

JURISDICTION ...................................................................1

STATUTES INVOLVED ....................................................1

STATEMENT OF THE CASE ...........................................3

REASONS FOR GRANTING THE WRIT........................7

I.      The Decision Of The Eighth Circuit Conflicts
        With That Of Four Other Circuits. ........................7

        A.      The Second, Third, Sixth, and Ninth
                Circuits Hold That A Felony Under
                State Law That Is Only A
                Misdemeanor Under Federal Law And
                Does Not Contain A Trafficking
                Element Is Not A "Drug Trafficking
                Crime" And Therefore Not An
                "Aggravated Felony" For Immigration
                Purposes. ......................................................9

        B.      The Fifth and Eighth Circuits Hold
                That Any State-Law Drug Felony Is A
                Drug Trafficking Crime And Thus An
                Aggravated Felony....................................13

II.    A State-Law Drug Conviction Is Properly
       Considered A Drug Trafficking Crime And
       Therefore An Aggravated Felony If It
       Contains A Trafficking Element Or Is A
       Felony Under Federal Law. ................................. 14

       A.    Section 924(c)(2) Does Not Include
             State Law Felonies Punishable Only
             As A Misdemeanor In "Any Felony." ......... 15

       B.    Variations In State Law Should Not
             Undermine The Uniform Enforcement
             Of The Immigration Laws. ....................... 17

III.   The Question Presented Will Not Benefit
       From Further Consideration In The Courts
       Of Appeals ............................................. 18

CONCLUSION .................................................. 19

## APPENDIX

*Lopez* v. *Gonzales*, 417 F.3d 934 ...................................... 1a

*In re Lopez*, No. A91 726 777 (B.I.A. May 11, 2003) ........ 8a

*In re Lopez*, No. A91 726 777
       (Immig. Ct. Nov. 22, 2002) ....................................... 10a

# TABLE OF AUTHORITIES

## CASES

**Page(s)**

*Aguirre* v. *INS*, 79 F.3d 315 (2d Cir. 1996) ............6, 12, 17

*Cazarez-Gutierrez* v. *Ashcroft*,
382 F.3d 905 (9th Cir. 2004)..........................7, 10, 11, 18

*Clark* v. *Martinez*, 125 S. Ct. 716 (2005) ............................7

*Demore* v. *Kim*, 538 U.S. 510 (2003) ..................................7

*Fernandez-Vargas* v. *Gonzales*
(No. 04-1376, cert. granted Oct. 31, 2005).....................7

*Gerbier* v. *Holmes*, 280 F.3d 297 (3d Cir. 2002) ....11, 12, 18

*In re Davis*, 20 I. & N. Dec. 536 (B.I.A. 1992) ..........6, 9, 18

*In re K-V-D*, 22 I. & N. Dec. 1163 (B.I.A. 1999) ...............18

*In re L---G---*, 21 I. & N. Dec. 89 (B.I.A. 1995) .................18

*In re Yanez-Garcia*,
23 I. & N. Dec. 390 (B.I.A. 2002)...............................8, 18

*Jaramillo* v. *INS*, 1 F.3d 1149 (11th Cir. 1993)...............18

*Jenkins* v. *INS*, 32 F.3d 11 (2d Cir. 1994) ........................12

*Leocal* v. *Ashcroft*, 543 U.S. 1 (2004) .................................7

*Liao* v. *Rabbet*, 398 F.3d 389 (6th Cir. 2005) ....................7

*Rosendo-Ramirez* v. *INS*,
32 F.3d 1085 (7th Cir. 1994)........................................18

*United States* v. *Briones-Mata*,
116 F.3d 308 (8th Cir. 1997)........................................15

*United States* v. *Cabrera-Sosa*,
81 F.3d 998 (10th Cir. 1996)........................................14

*United States* v. *Hernandez-Avalos*,
251 F.3d 505 (5th Cir. 2001)..............................8, 13, 14

*United States* v. *Hinojosa-Lopez*,
130 F.3d 691  (5th Cir. 1997)..................................13, 15

*United States* v. *Placios-Suarez*,
418 F.3d 692 (6th Cir. 2005).........................3, 7, 8, 9, 10

*United States* v. *Restrepo-Aguilar*,
74 F.3d 361 (1st Cir. 1996) ..........................................14

*United States* v. *Simon*,
168 F.3d 1271 (11th Cir. 1999)....................................14

*United States* v. *Wilson,*
   316 F.3d 506 (4th Cir. 2003)..........................................14

## STATUTES

8 U.S.C. § 1101 ......................................................1-2, 4, 5
8 U.S.C. § 1227 ..........................................................3, 5
8 U.S.C. § 1229b ...................................................2-3, 4, 6
8 U.S.C. § 1231 ............................................................5
8 U.S.C. § 1158 ............................................................5
8 U.S.C. § 1182 ............................................................5
8 U.S.C. § 1326 ............................................................5
8 U.S.C. § 1427 ............................................................5
8 U.S.C. § 1252 ............................................................7
18 U.S.C. § 924 ....................................................2, 4, 17
18 U.S.C. § 3559 .........................................................16
21 U.S.C. § 802 ..........................................................15
21 U.S.C. § 844 .......................................................5, 16

Pub. L. No. 99-603 § 115, 100 Stat. 3359 (1986)..............17
Pub. L. No. 100-690 § 6212, 102 Stat. 4181 (1988)..........16

## OTHER

The Federalist No. 32.......................................................11

## PETITION FOR A WRIT OF CERTIORARI

Petitioner respectfully petitions for a writ of certiorari to review a judgment of the United States Court of Appeals for the Eighth Circuit. The Eighth Circuit, in accord with the Fifth Circuit and in conflict with the Second, Third, Sixth, and Ninth Circuits, held that a state-law felony that would be punishable only as a misdemeanor under federal law is nonetheless an "aggravated felony" for purposes of immigration law. Certiorari should be granted to resolve the split in the circuits, which undermines the longstanding policy of national uniformity in enforcement of the immigration laws.

## OPINIONS BELOW

The opinion of the court of appeals, App., *infra*, 1a, is reported at 417 F.3d 934. The opinion of the Board of Immigration Appeals, App., *infra*, 8a, and the oral decision of the Immigration Judge, App., *infra*, 10a are unreported.

## JURISDICTION

The judgment of the court of appeals was entered on August 9, 2005. App., *infra*, 1a. The jurisdiction of this Court is invoked under 28 U.S.C. § 1254(1).

## STATUTES INVOLVED

The Immigration and Naturalization Act ("INA"), Section 101(a)(43), defines "aggravated felony," and it provides, in pertinent part:

The term "aggravated felony" means—

* * *

(B) illicit trafficking in a controlled substance (as defined in section 102 of the Controlled Substances Act), including a drug trafficking crime (as defined in

- 1 -

> section 924(c) of title 18, United States Code);
>
> * * *
>
> The term applies to an offense described in this paragraph whether in violation of Federal or State law and applies to such an offense in violation of the law of a foreign country for which the term of imprisonment was completed within the previous 15 years. Notwithstanding any other provision of law (including any effective date), the term applies regardless of whether the conviction was entered before, on, or after the date of enactment of this paragraph.

8 U.S.C. § 1101(a)(43).

Section 924(c) of title 18 provides, in pertinent part:

> For purposes of this subsection, the term "drug trafficking crime" means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. 951 *et seq.*), or the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 *et seq.*).

18 U.S.C. § 924(c)(2).

INA Section 240A provides, in pertinent part:

> Cancellation of removal; adjustment of status
>
> (a) Cancellation of removal for certain permanent residents. The Attorney General may cancel removal in the case of

- 2 -

an alien who is inadmissible or deportable from the United States if the alien—

(1) has been an alien lawfully admitted for permanent residence for not less than 5 years,

(2) has resided in the United States continuously for 7 years after having been admitted in any status, and

(3) has not been convicted of any aggravated felony.

8 U.S.C. § 1229b.

### STATEMENT OF THE CASE

This case presents an important and recurring question on which the federal courts of appeals are divided:  Whether a noncitizen convicted of a drug crime that is a felony under state law, but that would be punishable only as a misdemeanor under federal law, has committed an "aggravated felony" for the purposes of the immigration law.

**1.    The INA's Definition Of "Aggravated Felony" And "Drug Trafficking Crime."**  Under the INA, a noncitizen who has been convicted of a violation of a state, federal, or foreign drug law is deportable, unless the violation was "a single offense involving possession for one's own use of 30 grams or less of marijuana."  8 U.S.C. § 1227(a)(2)(B)(i). A noncitizen who has been convicted of an "aggravated felony" is likewise deportable.  8 U.S.C. § 1227(a)(2)(A)(iii).

Determining what "aggravated felony" means under the INA requires navigating what has been described as "a rather confusing maze of statutory cross-references."  *United States* v. *Placios-Suarez*, 418 F.3d 692, 694 (6th Cir. 2005).  Section 101 of the INA defines "aggravated felony" as "illicit trafficking in a controlled

- 3 -

substance (as defined in section 102 of the Controlled Substances Act), including a drug trafficking crime (as defined in section 924(c) of title 18, United States Code)." 8 U.S.C. § 1101(a)(43)(b). Section 101 further provides that the term applies to an offense "whether in violation of Federal or State law." *Id.* at § 1101(a)(43). On its face, the section defines two categories of drug convictions that may be considered an aggravated felony: State or federal offenses that involve "illicit trafficking" of a controlled substance and those that fall under the definition of "drug trafficking crime" in Section 924(c) of title 18.

Section 924(c) of title 18, in turn, defines "drug trafficking crime," as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 *et seq.*)" and two other federal laws not at issue here. This case presents a question upon which the circuits have split: namely, whether "any felony punishable under the Controlled Substances Act" includes a state-law felony that would be punishable only as a misdemeanor under federal law and that does not contain a trafficking element.

**2.    Consequences Of An "Aggravated Felony" Conviction.** A legal resident alien who is deportable because of a drug conviction (or for other reasons) may apply for discretionary cancellation of removal under INA Section 240A if three conditions are met. 8 U.S.C. § 1229b(a). The alien must: (1) have been lawfully admitted for not less than five years; (2) have been a continuous resident for not less than seven years; and (3) not have been convicted of an aggravated felony. *Id.* An alien who is found to have committed an aggravated felony is ineligible to apply for cancellation of removal.

An aggravated felony conviction also has other serious consequences in the deportation context. A noncitizen who commits an aggravated felony is ineligible for asylum or withholding of removal to a country where his life or freedom would be threatened. 8 U.S.C.

- 4 -

§§ 1158(b)(2)(B) (asylum), 1231(b)(3)(B) (withholding of removal). He is foreclosed from demonstrating good moral character and therefore cannot become a naturalized citizen of the United States. 8 U.S.C. §§ 1101(f)(8); 1427(a)(3). He is barred from reentering the United States for twenty years and is subject to a criminal sanction for illegal reentry of up to twenty years in prison. 8 U.S.C. § 1182(a)(9)(A)(i), 1326(b)(2).

    **3.    Factual Background.** Petitioner Jose Antonio Lopez has resided in the United States since 1985. App. *infra*, 18a. In 1990, Lopez became a legal permanent resident under the Seasonal Agricultural Worker program. *Id.* at 2a. Lopez's wife is a citizen of Mexico who resides in the United States pursuant to visas granted in 1994 and 2001. *Id.* at 14a. Lopez and his wife have two children, aged six and nine, who are both American citizens. *Id.* at 13a. Lopez is a homeowner and also owns the Lopez Mexican Store, a grocery in Sioux Falls, South Dakota. *Id.* at 13a, 14a.

    Lopez has been arrested once in the 20 years he has spent in the United States. *Id.* at 13a. In 1997, Lopez pleaded guilty to aiding and abetting the possession of a controlled substance by another individual. The offense is a felony under South Dakota law but would only be a misdemeanor under federal law. *Id.* at 2a; 21 U.S.C. § 844 (defining penalty for simple possession). The Immigration and Naturalization Service initiated removal proceedings against Lopez in 1998, contending that he was removable for two reasons. First, the INS argued that Lopez's conviction was a controlled substance violation, rendering him removable pursuant to Section 237(a)(2)(B)(i) of the INA, 8 U.S.C. § 1227(a)(2)(B)(i). Second, the INS argued that Lopez's aiding and abetting possession offense rendered him removable as an "aggravated felony" based on drug trafficking under INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii).

- 5 -

Lopez conceded that the conviction constituted a controlled substance violation and that he was removable for that reason. But he contested whether the conviction was an aggravated felony. In 1998, when the INS instituted removal proceedings, both the Bureau of Immigration Appeals and the Second Circuit had held that a state-law controlled substance felony is not a "drug trafficking crime" and therefore not an "aggravated felony" for deportation purposes if it would not be a felony under federal law. *See Aguirre* v. *INS*, 79 F.3d 315, 317 (2d Cir. 1996); *In re Davis*, 20 I. & N. Dec. 536, 541-42 (B.I.A. 1992).

Lopez was otherwise eligible to apply for cancellation of removal under Section 240A of the INA because he had been lawfully admitted for permanent residence for more than five years and had been a continuous resident for more than seven years. 8 U.S.C. § 1229b(a). Lopez's conviction was not a "drug trafficking crime" or an "aggravated felony" under the then-prevailing precedent, and he applied for cancellation of his removal.

**3. The Decision Of The Immigration Judge.** The Immigration Judge found Lopez removable on both grounds argued by INS: that he was convicted of a controlled substance offense and that his aiding and abetting drug possession conviction was an aggravated felony based on drug trafficking. App., *infra*, 2a. The latter ruling made Lopez ineligible for cancellation of removal, and the Immigration Judge accordingly denied Lopez's application for cancellation of removal. *Id.*

**4. The Eighth Circuit's Decision.** The Eighth Circuit affirmed. The court held that "the plain language of the INA, and of the other statutes it refers to, states that any drug conviction that would qualify as a felony under either state or federal law is an aggravated felony." *Id.* at 4a. The court noted that its holding is in

- 6 -

accord with the Fifth Circuit and conflicts with the Second, Third, and Ninth Circuits. *Id.* at 4a-5a.[1]

### REASONS FOR GRANTING THE WRIT

**I.    The Decision Of The Eighth Circuit Conflicts With That Of Four Other Circuits.**

The Eighth Circuit's opinion in this case recognizes the split among the circuits on whether a state law felony that would be punishable only as a misdemeanor under federal law may be an "aggravated felony" for purposes of the immigration laws. App., *infra*, 4a-5a. Other courts have also noted this split. *E.g.*, *United States* v. *Palacios-Suarez*, 418 F.3d 692 (6th Cir. 2005); ("Courts have adopted two competing interpretations of the phrase 'any felony punishable under' the enumerated statutes in § 924(c)(2)."); *Liao* v. *Rabbet*, 398 F.3d 389, 390-93 (6th Cir. 2005) ("Competing interpretations of the phrase 'any felony punishable under the Controlled Substances Act [CSA]' . . . have developed."); *Cazarez-Gutierrez* v. *Ashcroft*, 382 F.3d 905, 910 (9th Cir. 2004).[2]

The split is even more pronounced than would appear from the Eighth Circuit's decision:  The Sixth

---

[1] Before turning to the merits, the Eighth Circuit determined that it had jurisdiction to review the petition under INA § 242 as amended.  App., *infra*, 2a-3a; 8 U.S.C. § 1252(a)(2)(D).  A recent amendment to that section provided an exception for questions of law from the prohibition of review of rulings denying discretionary relief under INA § 240A.  *Id.*

[2] The Court regularly grants certiorari to resolve circuit conflicts over the meaning of the immigration laws.  *E.g.*, *Fernandez-Vargas* v. *Gonzales* (No. 04-1376, cert. granted Oct. 31, 2005); *Clark* v. *Martinez*, 125 S. Ct. 716, 722 (2005); *Leocal* v. *Ashcroft*, 543 U.S. 1 (2004); *Demore* v. *Kim*, 538 U.S. 510, 516 (2003).

- 7 -

Circuit recently joined the majority of circuits that have considered the issue by holding that a state-law drug conviction is only an "aggravated felony" for deportation purposes if it would be punishable as a felony under the Controlled Substances Act. *Placios-Suarez*, 418 F.3d at 694. On the other hand, one circuit agrees with the Eighth, that a state-law crime may be an aggravated felony for immigration purposes even if it would be punishable only as a misdemeanor under federal law.[3] *United States* v. *Hernandez-Avalos*, 251 F.3d 505, 508 (5th Cir. 2001).

The circuit split described in the Eighth Circuit's opinion warrants review by this Court. The conflict among the circuits creates disparate treatment of aliens depending upon where they reside. Some aliens convicted of simple drug possession are eligible for asylum, naturalization, and cancellation of removal, while others are considered "aggravated felons," ineligible for any of these benefits. This schism violates the fundamental principle that immigration laws should be applied uniformly across the country. Review is warranted because the decision below has exacerbated the circuit split, the Eighth Circuit joining the minority position among the circuits. Failure to review the Eighth Circuit's decision will perpetuate the incongruous treatment of aliens based on geographic happenstance.

---

[3] The Bureau of Immigration Appeals has reversed its prior position, and now applies the Fifth and Eighth Circuits' rule in those Circuits that have not decided to the contrary. *See In re Yanez-Garcia*, 23 I. & N. Dec. 390 (B.I.A. 2002) (reversing former decision that state law felony must be a federal felony to be an "aggravated felony" under the INA).

A.    **The Second, Third, Sixth, and Ninth Circuits Hold That A Felony Under State Law That Is Only A Misdemeanor Under Federal Law And Does Not Contain A Trafficking Element Is Not A "Drug Trafficking Crime" And Therefore Not An "Aggravated Felony" For Immigration Purposes.**

Four circuits have held that a state-law conviction for a drug offense that is punishable only as a misdemeanor under federal law is not a "drug trafficking crime" and hence not an "aggravated felony" under the immigration laws.

Most recently, the Sixth Circuit faced "the unresolved question of determining which interpretation of an 'aggravated felony' should be used in [the Sixth] circuit." *Palacios-Suarez*, 418 F.3d at 697. The court ultimately concluded that a state law drug felony that is punishable only as a misdemeanor under federal law is not a "drug trafficking crime" and therefore not an "aggravated felony." *Id.* at 699-700.

In arriving at this conclusion, the court traced the case law from the first decision of the Board of Immigration Appeals in 1992, which held that a state drug conviction could qualify as an aggravated felony "if the state felony conviction had a trafficking element" or "if the conviction would be punishable as a felony under one of the enumerated federal drug statutes" in Section 924(c)(2) of title 18. *Id.* at 695 (citing *In re Davis*, 20 I. & N. Dec. 536, 541-42 (B.I.A. 1992)) (marks omitted). The court noted that the Second, Third, and Ninth Circuits have expressly adopted the B.I.A.'s holding in *In re Davis*. *Id.* at 695-96. The court then examined those cases that have taken the contrary view, that a state drug conviction is a drug trafficking crime and thus an aggravated felony if "the conviction is a felony under *either state or federal law*" and "the conduct underlying

- 9 -

the conviction is punishable under the CSA (or the other two statutes not at issue here)." *Id.* at 696.[4]

The court rejected the view that the plain language of Section 924(c)(2) requires this broader interpretation of "drug trafficking crime." *Id.* at 697. Instead, the court found that either approach "could be supported by the plain meaning of the statute." *Id.* at 698. The court then looked to the legislative history of Section 924(c)(2). *Id.* at 698-99. The court noted that before 1998, the section "was limited *to only federal felony offenses*," and that the subsequent amendment to the section was titled a "*clarification* of definition of drug trafficking crimes." *Id.* (quoting Pub. L. No. 100-690 § 6212, 102 Stat. 4181, 4360 (1988)) (emphases supplied). The court therefore found that the "original understanding of the term as limited to federal felonies was unchanged." *Id.* at 699. The court concluded that "Congress did not intend for state felony convictions (not involving any element of drug trafficking) to qualify as an 'aggravated felony' under [INA] § 1101(a)(43)(B) if the offense would be punishable only as a federal misdemeanor under the CSA." *Id.* at 699-700.

The Ninth Circuit conducted a similar examination of the circuit split in *Cazarez-Gutierrez* v. *Ashcroft*. 382 F.3d 905, 910 (9th Cir. 2004). Like the Sixth Circuit, the Ninth analyzed the holdings of the Second, Third, and Fifth Circuits, and "ultimately [came]

---

[4] *Placios-Suarez* was decided before the Eighth Circuit's decision in this case. At that time, the Fifth Circuit was the only circuit to have interpreted "aggravated felony" in the immigration context to include state law felonies that would be punishable only as a misdemeanors under federal law. Other courts, however, had adopted this view for purposes of the federal Sentencing Guidelines. *Placios-Suarez*, 418 F.3d at 696 (collecting cases).

down on the side of the Second and Third Circuits." *Id.*
The court looked to "[t]he presumption that immigration
laws should be interpreted to be nationally uniform,
evidence that Congress intended uniformity, and
prudential concerns" to come to the conclusion that "a
state drug offense is an aggravated felony for immigration
purposes only if it would be punishable as a felony under
federal drug laws or the crime contains a trafficking
element." *Id.* at 912.

The Ninth Circuit cited as a basis for its decision
"the strong interest in national uniformity in the
administration of immigration laws." *Id.* at 912. The
court noted that "'the policy favoring uniformity in the
immigration context is rooted in the Constitution,'" and
quoted Alexander Hamilton writing in The Federalist
that "immigration was one of the few powers
'EXCLUSIVELY delegated to the United States.'" *Id.*
(quoting *Gerbier* v. *Holmes*, 280 F.3d 297, 311 (3d Cir.
2002), and The Federalist No. 32). The court found that
the need for uniformity in the immigration laws is
"paramount," and that the Fifth Circuit's definition of
"drug trafficking crime" "necessarily incorporates
vagaries in state law that create widely divergent
immigration consequences for aliens convicted of minor
drug offenses in different states." *Id.* at 914.

The court therefore concluded that "a state drug
offense is not an aggravated felony for immigration
purposes unless it is punishable as a felony under the
CSA or other federal drug laws named in the definition of
'drug trafficking crime,' or is a crime involving a
trafficking element." *Id.* at 919.

The Ninth Circuit's opinion agreed with the
opinions of the Third and Second Circuits before it. In
*Gerbier* v. *Holmes*, the Third Circuit held that "a state
drug conviction, for deportation purposes, constitutes an
'aggravated felony' if it is either a felony under state law
and contains a trafficking element, or would be

- 11 -

punishable as a felony under the federal Controlled Substances Act." 280 F.3d at 312. The court based its decision on "precepts of statutory construction and [] the legislative history of § 924(c)(2)." *Id.* at 299. Further, the court stated that "this conclusion properly reflects the policy favoring uniformity in construction of the INA because it subjects aliens to the same treatment regardless of how different states might categorize similar drug crimes." *Id.*

And the Second Circuit, in *Aguirre* v. *INS*, overruled its prior precedent that "an offense that is a felony under either Federal or state law qualifies as an aggravated felony for purposes of discretionary relief under the [INA]." 79 F.3d 315, 317 (2d Cir. 1996) (overruling *Jenkins* v. *INS*, 32 F.3d 11 (2d Cir. 1994)). The court cited its "frequently expressed concern to avoid disparate treatment of similarly situated aliens under the immigration laws," and "the interests of nationwide uniformity" as considerations that outweighed adherence to Circuit precedent. *Id.*

Four circuits thus hold that a state-law drug felony is not a "drug trafficking crime" under Section 924(c)(2) of Title 18, and therefore not an "aggravated felony" for immigration purposes if it is punishable only as a misdemeanor under federal law. If Petitioner were a resident of any of the states within the Second, Third, Sixth, or Ninth Circuits, his application for cancellation of removal would have been heard before an Immigration Judge. Instead, Petitioner's claim was dismissed based solely on the determination that he had been convicted of an aggravated felony. App., *infra*, 4a.

- 12 -

**B.    The Fifth and Eighth Circuits Hold That Any State-Law Drug Felony Is A Drug Trafficking Crime And Thus An Aggravated Felony.**

Two circuits have taken the contrary position that any state-law drug felony is a drug trafficking crime and therefore an aggravated felony for purposes of the immigration laws.  The Eighth Circuit's opinion in this case concluded that "the plain language of the INA, and the other statutes it refers to, states that any drug conviction that would qualify as a felony under either state or federal law is an aggravated felony." App., *infra*, 4a.

The Fifth Circuit has also held that "section 924(c) [means] that a state drug conviction is a 'drug trafficking crime' (and thus an aggravated felony) if '(1) the offense was punishable under the Controlled Substances Act and (2) it was a felony' under either state or federal law." *United States* v. *Hernandez-Avalos*, 251 F.3d 505, 508 (5th Cir. 2001) (quoting *United States* v. *Hinojosa-Lopez*, 130 F.3d 691, 694 (5th Cir. 1997)).  The court also based its opinion on what it considered to be the "plain language of the statutes." *Id.* at 510.

The Fifth Circuit in *Hernandez-Avalos* and the Eighth Circuit's decision in this case thus directly conflict with the Second, Third, Sixth, and Ninth Circuits on the Question Presented.  This split in authority among the circuits alone is reason to grant the writ.  Repairing the uniformity of the federal law is of even greater importance in this instance, however, because of the oft-stated interest in uniform application of the immigration laws.[5]

---

[5] Several other circuits have interpreted the language at issue in the separate context of the Sentencing Guidelines.  Those
(...continued)

- 13 -

## II.  A State-Law Drug Conviction Is Properly Considered A Drug Trafficking Crime And Therefore An Aggravated Felony If It Contains A Trafficking Element Or Is A Felony Under Federal Law.

The lower court decisions holding that a drug possession offense that is a state-law felony but only punishable as a misdemeanor under federal law is nevertheless a "drug trafficking crime" and therefore an "aggravated felony" under the INA are unpersuasive. These decisions conclude that the language of Section 924(c)(2) of title 18 is "plain" and that Congress therefore intended that noncitizens be subject to different consequences under the immigration laws based on variations in how states punish drug offenses.  App., *infra*, 4a; *Hernandez-Avalos*, 251 F.3d at 510. Contrary to these courts' decisions, a careful reading of the statutes shows that a state-law felony that would only be a misdemeanor under the federal law is not a "felony" under Section 924(c)(2) of title 18 and therefore not a "drug trafficking crime" or an "aggravated felony" under the INA.  Moreover, these cases do not reconcile their holdings with the longstanding policy of ensuring uniform application of the immigration laws.

---

courts have held that a state-law drug conviction may be an "aggravated felony" based on drug trafficking even if the conduct would only constitute a misdemeanor under federal law.  *See United States* v. *Wilson*, 316 F.3d 506, 512-13 (4th Cir. 2003); *United States* v. *Simon*, 168 F.3d 1271, 1271 (11th Cir. 1999); *United States* v. *Cabrera-Sosa*, 81 F.3d 998, 999-1000 (10th Cir. 1996); *United States* v. *Restrepo-Aguilar*, 74 F.3d 361, 363-66 (1st Cir. 1996).  Although it is unknown whether these circuits would adopt the same view in the immigration context, these cases further reflect the deep and entrenched nature of the split in this case.

### A.  Section 924(c)(2) Does Not Include State Law Felonies Punishable Only As A Misdemeanor In "Any Felony."

The Eighth Circuit's opinion in this case relied on its prior decision in *United States* v. *Briones-Mata*, 116 F.3d 308 (8th Cir. 1997).  The analysis in that case is typical of the courts that have found a state law felony drug possession conviction to be an "aggravated felony" under the INA's definition.  *See, e.g.*, *United States* v. *Hinojosa-Lopez*, 130 F.3d 691, 694 (5th Cir. 1997) (relying, *inter alia*, on *Briones-Mata*).  The Eighth Circuit in *Briones-Mata* concluded that because Section 924(c)(2) defines "drug trafficking crime" as "any felony punishable under the Controlled Substances Act," it should therefore look to the definition of "felony" in the Controlled Substances Act.  *Id.* at 309.  "Felony" is defined in the Controlled Substances Act as "any Federal or State offense classified by applicable Federal or State Law as a felony." 21 U.S.C. § 802(13).

But Section 924(c)(2) of title 18 defines "drug trafficking crime" as "any felony *punishable under* the Controlled Substances Act."    18 U.S.C.  § 924(c)(2) (emphasis added).  The provision does not refer to any felony *as defined under* the Controlled Substances Act.  As the many cross-references in this statutory scheme attest, Congress knew well how to incorporate a definition from another statute if that is what it wanted to do.  Congress did not incorporate the definition of "felony" from the Controlled Substances Act, and the definition of "felony" contained therein is thus inapposite.

Rather, Section 101(a)(43) of the INA refers to title 18 of the United States Code, which is the general federal criminal statute, for its definition of "drug trafficking crime."  The more natural reading is that "any felony" as used in Section 924(c)(2) of that title means a felony as otherwise defined in title 18.

- 15 -

Section 3559(a) of title 18 sets forth the framework by which federal crimes are classified as felonies or misdemeanors, and provides that an offense whose maximum term of imprisonment is more than six months but less than one year is a Class A misdemeanor. 18 U.S.C. § 3559(a). Offenses whose maximum term of imprisonment is more than a year fall into several classes of felony. *Id.* To be a "felony" under title 18, therefore, an offense must be punishable under federal law by a maximum term of imprisonment of a year or more.

Simple possession of a controlled substance under the Controlled Substances Act has a maximum penalty of one year in prison, and is thus a Class A misdemeanor under Title 18. 21 U.S.C. § 844. Simple possession is therefore not a "felony" under title 18, and does not fall within 18 U.S.C. § 924(c)(2)'s "any felony" language.

The history of Section 924(c)(2) bears out this interpretation. Before 1988, the provision defined "drug trafficking crime" as "any felony violation of Federal law involving the distribution, manufacture, or importation of any controlled substance." 18 U.S.C. § 924(c)(2) (1982 & Supp. 1986). The pre-1988 version explicitly limited its scope to "felony violation[s] of Federal law," thus excluding state-law offenses. In 1988, Congress amended the section, labeling the amendment as a "clarification." *See* Anti-Drug Abuse Act of 1988, Pub. L. No. 100-690, § 6212, 102 Stat 4181, 4360 (titled "Clarification of Definition of Drug Trafficking Crimes in which Use or Carrying of Firearms and Armor Piercing Ammunition is Prohibited").

The amendment replaced language describing the kinds of "violation[s] of Federal law" that constituted drug trafficking with a listing of three federal laws that each proscribe conduct that is constitutes a felony under title 18. The amendment thus clarified that the "felony violation[s] of Federal law" Congress intended to constitute a "drug trafficking crime" were those felonies

- 16 -

"punishable under the Controlled Substances Act (21 U.S.C. 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. 951 *et seq.*), or the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 *et seq.*)." 18 U.S.C. § 924(c)(2).

The circuits that hold otherwise erroneously rewrite Section 924(c)(2)'s reference to "any felony punishable under" the Controlled Substances Act to read any felony "as defined under" that Act.

### B.    Variations In State Law Should Not Undermine The Uniform Enforcement Of The Immigration Laws.

The decisions of the Eighth and Fifth Circuits do not seriously attempt to reconcile their holdings with the longstanding policy of ensuring uniform application of the immigration laws.  That policy counsels that similarly-situated noncitizens who have been convicted of drug possession offenses should be subject to the same rules for asylum, naturalization, and cancellation of removal.  The decision below causes severely disparate results to similarly-situated aliens depending on how the state where they live defines or chooses to punish minor drug possession offenses.

Congress expressly recognized the policy of uniformity in the immigration laws when it enacted the Immigration Reform and Control Act of 1986, stating, "It is the sense of the Congress that . . . the immigration laws of the United States should be enforced vigorously and uniformly."  Pub. L. No. 99-603 § 115, 100 Stat. 3359, 3385 (1986).  The courts of appeals have often recognized the importance of uniform enforcement of the immigration laws.  For instance, the Eleventh Circuit has stated:  "The laws that we administer and the cases we adjudicate often affect individuals in the most fundamental ways.  We think that all would agree that to the greatest extent possible our immigration laws should

- 17 -

be applied in a uniform manner nationwide . . . ." *Jaramillo* v. *INS*, 1 F.3d 1149, 1166 (11th Cir. 1993); *see also, e.g.*, *Cazarez-Gutierrez*, 382 F.3d at 912; *Gerbier*, 280 F.3d at 299; *Aguirre*, 79 F.3d at 317; *Rosendo-Ramirez* v. *INS*, 32 F.3d 1085, 1091 (7th Cir. 1994) ("National uniformity in the immigration and naturalization laws is paramount: rarely is the vision of a unitary nation so pronounced as in the laws that determine who may cross our national borders and who may become a citizen.").

### III. The Question Presented Will Not Benefit From Further Consideration In The Courts Of Appeals

To date, six circuits have opined on whether a state-law felony that would be punishable as a misdemeanor under federal law is a "drug trafficking crime" under Section 924(c)(2) of title 18 for purposes of the immigration laws. An additional four circuits have considered this question in the context of the Sentencing Guidelines. *See supra*, n.5. The Board of Immigration Appeals has considered facets of this question in several opinions spanning ten years, initially adopting what eventually became the majority approach in furtherance of uniformity in the immigration laws, and later opting instead to follow the law of the various courts of appeals as they continued to reach different conclusions. *See In re Yanez-Garcia*, 23 I. & N. Dec. 390 (B.I.A. 2002) (recognizing that "uniformity is presently unattainable"); *In re K-V-D*, 22 I. & N. Dec. 1163 (B.I.A. 1999); *In re L--- G---*, 21 I. & N. Dec. 89 (B.I.A. 1995); *In re Davis*, 20 I. & N. Dec. 536 (B.I.A. 1992).

The many decisions of the courts of appeals and the Bureau of Immigration Appeals have examined the text of the statutes in question, their legislative history, and policy considerations favoring uniformity in enforcing the immigration laws. Further decisions are thus unlikely to yield any new analysis. The circuits have

- 18 -

staked out their positions and framed the issue for this Court's resolution.

## CONCLUSION

The petition for a writ of certiorari should be granted.

Respectfully submitted,

Patricia G. Mattos
MATTOS LAW OFFICE
595 Selby Ave.
St. Paul, Minn. 55012
(651) 726-2514

Robert A. Long
*Counsel of Record*
Theodore P. Metzler
COVINGTON & BURLING
1201 Pennsylvania Ave., NW
Washington, DC 20004-2401
(202) 662-6000

*Counsel for Petitioners*

October 31, 2005

- 19 -