# Exhibit B

No. 05-547

# In the Supreme Court of the United States

JOSE ANTONIO LOPEZ, PETITIONER

*v.*

ALBERTO R. GONZALES, ATTORNEY GENERAL

*ON PETITION FOR A WRIT OF CERTIORARI
TO THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT*

**BRIEF FOR THE RESPONDENT**

PAUL D. CLEMENT
*Solicitor General
    Counsel of Record*

PETER D. KEISLER
*Assistant Attorney General*

DONALD E. KEENER
JOHN ANDRE
*Attorneys*

*Department of Justice
Washington, D.C. 20530-0001
(202) 514-2217*

## QUESTION PRESENTED

The Immigration and Nationality Act attaches a variety of immigration consequences to an alien's commission of an "aggravated felony," 8 U.S.C. 1101(a)(43). The Act defines "aggravated felony" to include "any felony punishable under the Controlled Substances Act." 18 U.S.C. 924(c)(2) (as incorporated into 8 U.S.C. 1101(a)(43)(B)). That term applies to offense conduct "whether in violation of Federal or State law." 8 U.S.C. 1101(a)(43) (final paragraph). The question presented is:

Whether the commission of a controlled substance offense that is a felony under state law, but that is generally punishable under the Controlled Substances Act only as a misdemeanor, constitutes an "aggravated felony," where the alien was sentenced under State law to more than one year of imprisonment.

(I)

## TABLE OF CONTENTS

Page

Opinions below . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
Discussion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## TABLE OF AUTHORITIES

Cases:

*Aguirre* v. *INS*, 79 F.3d 315 (2d Cir. 1996) . . . . . . . . 7, 9

*Cazarez-Gutierrez* v. *Ashcroft*, 382 F.3d 905 (9th
Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7, 9

*Gerbier* v. *Holmes*, 280 F.3d 297 (3d Cir. 2002) . . . . . . . 7

*K-V-D-, In re*, 22 I. & N. Dec. 1163 (BIA 1999) . . . . . . 10

*Leocal* v. *Ashcroft*, 543 U.S. 1 (2004) . . . . . . . . . . . . . . . 9

*Salazar-Regino* v. *Trominski*, 415 F.3d 436 (5th
Cir. 2005), petition for cert. pending, No. 05-830
(filed Dec. 22, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States* v. *Briones-Mata*, 116 F.3d 308 (8th
Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8

*United States* v. *Cabrera-Sosa*, 81 F.3d 998 (10th
Cir.), cert. denied, 519 U.S. 885 (1996) . . . . . . . . . . . 8

*United States* v. *Cordoza-Estrada*, 385 F.3d 56 (1st
Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States* v. *Forbes*, 16 F.3d 1294 (1st Cir.
1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States* v. *Haggerty*, 85 F.3d 403 (8th Cir.
1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

(III)

IV

Cases–Continued:                                      Page

United States v. Hernandez-Avalos, 251 F.3d 505
(5th Cir.), cert. denied, 534 U.S. 935 (2001) .... 5, 7, 9

United States v. Hinojosa-Lopez, 130 F.3d 691
(5th Cir. 1997) ................................. 8

United States v. Ibarra-Galindo, 206 F.3d 1337
(9th Cir. 2000), cert. denied, 531 U.S. 1102
(2001) ....................................... 8, 9

United States v. Palacios-Suarez, 418 F.3d 692
(6th Cir. 2005) ................................ 9

United States v. Pornes-Garcia, 171 F.3d 142 (2d
Cir.), cert. denied, 528 U.S. 880 (1999) .......... 8, 9

United States v. Restrepo-Aguilar, 74 F.3d 361
(1st Cir. 1996) ............................... 8

United States v. Robles-Rodriguez, 281 F.3d 900
(9th Cir. 2002) ............................... 8

United States v. Simon, 168 F.3d 1271 (11th Cir.),
cert. denied, 528 U.S. 844 (1999) ............... 8

United States v. Simpson, 319 F.3d 81 (2d Cir..
2002) ........................................ 9

United States v. Villamonte-Marquez, 462 U.S.
579 (1983) ................................... 6

United States v. Wilson, 316 F.3d 506 (4th Cir.),
cert. denied, 538 U.S. 1025 (2003) .............. 8

Yanez-Garcia, In re, 23 I. & N. Dec. 390 (BIA
2002) ..................................... 4, 5, 11

Statutes and regulations:

Anabolic Steroid Control Act of 2004, Pub. L. No.
108-358, § 2, 118 Stat. 1663 ....................... 2

V

Statutes and regulations:                                      Page

Controlled Substances Act, 21 U.S.C. 801 *et seq.* . . . . . 7

21 U.S.C. 802 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
21 U.S.C. 802(13) . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
21 U.S.C. 802(44) . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
21 U.S.C. 844(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Controlled Substances Import and Export Act,
21 U.S.C. 951 *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . 7

Immigration and Nationality Act, 8 U.S.C. 1101
*et seq.*:

8 U.S.C. 1101(a)(43) . . . . . . . . . . . . . . . . . . 1, 2, 5, 7
8 U.S.C. 1101(a)(43)(B) . . . . . . . . . . . . . . . . . 2, 8, 9
8 U.S.C. 1182(a)(9)(A)(i) . . . . . . . . . . . . . . . . . . 6
8 U.S.C. 1182(a)(9)(A)(ii) . . . . . . . . . . . . . . . . . . 6
8 U.S.C. 1227(a)(2)(A)(iii) . . . . . . . . . . . . . . . . . 2, 3
8 U.S.C. 1227(a)(2)(B)(i) . . . . . . . . . . . . . . . . . . 3
8 U.S.C. 1229b(a) . . . . . . . . . . . . . . . . . . . . . . . . 6
8 U.S.C. 1229b(a)(3) . . . . . . . . . . . . . . . . . . . . 2, 4
8 U.S.C. 1229b(b)(1)(C) . . . . . . . . . . . . . . . . . . 2
8 U.S.C. 1252(a)(2)(B) . . . . . . . . . . . . . . . . . . . 5
8 U.S.C. 1326(b)(2) . . . . . . . . . . . . . . . . . . . . . . 8

Maritime Drug Law Enforcement Act, 46 U.S.C.
App. 1901 *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . 7

REAL ID Act of 2005, Pub. L. No. 109-13,
§ 106(a)(1)(A)(iii), 119 Stat. 310 . . . . . . . . . . . . . 4, 5

VI

Statutes and regulations–Continued:                                  Page

  S.D. Codified Laws:

    § 22-3-3 (Michie 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    § 22-3-3 (West 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    § 22-6-1(6) (West 2004) . . . . . . . . . . . . . . . . . . . . . . . . . 3

    § 22-6-1(7) (Michie 1988 & 1997 Supp.) . . . . . . . . . . . 3

    § 22-42-5 (Michie 1988) . . . . . . . . . . . . . . . . . . . . . . . . . 3

    § 22-42-5 (West 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . 3

  6 U.S.C. 251 (Supp. II 2002) . . . . . . . . . . . . . . . . . . . . . 3

  18 U.S.C. 2(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

  18 U.S.C. 924(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4

  18 U.S.C. 3559 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

  United States Sentencing Guidelines

    § 2L1.2(b)(1)(C) and comment. (n.3(A)) . . . . . . . . . . 8

# In the Supreme Court of the United States

———

No. 05-547

JOSE ANTONIO LOPEZ, PETITIONER

*v.*

ALBERTO R. GONZALES, ATTORNEY GENERAL

———

*ON PETITION FOR A WRIT OF CERTIORARI*
*TO THE UNITED STATES COURT OF APPEALS*
*FOR THE EIGHTH CIRCUIT*

———

**BRIEF FOR THE RESPONDENT**

———

## OPINIONS BELOW

The opinion of the court of appeals (Pet. App. 1a-7a) is reported at 417 F.3d 934. The decisions of the Board of Immigration Appeals (Pet. App. 8a-9a) and of the immigration judge (Pet. App. 10a-20a) are unreported.

## JURISDICTION

The court of appeals entered its judgment on August 9, 2005. The petition for a writ of certiorari was filed on October 31, 2005. The jurisdiction of this Court is invoked under 28 U.S.C. 1254(1).

## STATEMENT

1. Under the Immigration and Nationality Act (INA), an alien who commits an "aggravated felony," as defined in 8 U.S.C. 1101(a)(43), may be ordered removed

(1)

2

from the United States, 8 U.S.C. 1227(a)(2)(A)(iii).  The commission of an aggravated felony also limits the potential forms of relief from removal that are available to the alien, including, as relevant here, rendering the alien ineligible to apply for cancellation of removal, see 8 U.S.C. 1229b(a)(3) and (b)(1)(C).

The INA defines an "aggravated felony" by reference to a lengthy list of criminal offenses, one of which is "illicit trafficking in a controlled substance (as defined in section 802 of title 21), including a drug trafficking crime (as defined in section 924(c) of title 18)."  8 U.S.C. 1101(a)(43)(B).  The term "aggravated felony" applies to such offenses "whether in violation of Federal or State law."  8 U.S.C. 1101(a)(43) (final paragraph).

Section 924(c) of Title 18, in turn, defines "drug trafficking crime" as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 et seq.)."  Title 18 more generally defines a "felony" as an offense for which "the maximum term of imprisonment authorized" exceeds one year.  18 U.S.C. 3559.  The Controlled Substances Act also defines "felony" generally as "any Federal or State offense classified by applicable Federal or State law as a felony."  21 U.S.C. 802(13).  The Controlled Substances Act further defines a "felony drug offense" as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances."  21 U.S.C. 802(44), as amended by the Anabolic Steroid Control Act of 2004, Pub. L. No. 108-358, § 2, 118 Stat. 1663.

3

2.  Petitioner is a native and citizen of Mexico who entered the United States illegally in 1985 or 1986.  In 1990, he adjusted his status to that of a lawful permanent resident.  Pet. App. 1a-2a, 11a.  In 1997, petitioner was indicted in South Dakota state court on one count of possessing cocaine, one count of distributing cocaine, and one count of conspiracy to distribute cocaine. Admin. Rec. (A.R.) 224-227.    Petitioner ultimately pleaded guilty to aiding and abetting the possession of a controlled substance (cocaine).  Pet. App. 13a; A.R. 399-402.  Under South Dakota law at that time, the possession of cocaine was a felony punishable by up to five years of imprisonment.  See S.D. Codified Laws §§ 22-42-5 (Michie 1988); *id.* § 22-6-1(7) (Michie 1988 & 1997 Supp.).[1]  Also under South Dakota law, a person found guilty of aiding and abetting an offense "is legally accountable[] as a principal to the crime."  S.D. Codified Laws § 22-3-3 (West 2004); see S.D. Codified Laws § 22-3-3 (Michie 1988).   Petitioner was sentenced to five years of imprisonment, of which he served 15 months. Pet. App. 14a.  The Immigration and Naturalization Service subsequently charged petitioner with being subject to removal based on his conviction of a controlled substance violation and his conviction of an aggravated felony.  *Id.* at 12a; A.R. 433; see 8 U.S.C. 1227(a)(2)(A)(iii) and (B)(i).[2]

---

[1]  South Dakota law now provides that possession of cocaine is punishable by up to ten years of imprisonment.  S.D. Codified Laws §§ 22-42-5, 22-6-1(6) (West 2004).

[2]  The Immigration and Naturalization Service's immigration-enforcement functions have since been transferred to United States Immigration and Customs Enforcement in the Department of Homeland Security.  See 6 U.S.C. 251 (Supp. II 2002).

4

An immigration judge sustained both charges of removability. Pet. App. 10a-20a. The immigration judge ruled first (*id.* at 16a) that petitioner was removable based on the controlled substance violation, a charge that was "not disputed." Relying on controlling precedent from the Board of Immigration Appeals (Board), the immigration judge further ruled that petitioner's state felony controlled substance offense constituted an aggravated felony because it was a drug trafficking crime under 18 U.S.C. 924(c). Pet. App. 16a (citing *In re Yanez-Garcia*, 23 I. & N. Dec. 390 (BIA 2002)). Finally, the immigration judge ruled that petitioner's commission of an aggravated felony statutorily disqualified him from obtaining the discretionary relief of cancellation of removal. Pet. App. 20a (citing 8 U.S.C. 1229b(a)(3)).[3]

The Board affirmed in a brief opinion. Pet. App. 8a-9a.

3. The court of appeals affirmed. Pet. App. 1a-7a. At the outset, the court held (Pet. App. 3a) that the REAL ID Act of 2005, Pub. L. No. 109-13, § 106(a)(1)(A)(iii), 119 Stat. 310, made clear the court's jurisdiction to review the question of law raised by peti-

---

[3] Whether petitioner's conviction for aiding and abetting the possession of cocaine would be punishable as a federal felony is unclear from the face of the record below, because neither the criminal judgment nor the single-count information to which he pleaded guilty indicates what form of cocaine and what amount of cocaine was at issue. See A. R. 399-402; see also 21 U.S.C. 844(a) (generally denominating possession of a controlled substance a misdemeanor, unless, *inter alia*, the substance was more than five grams of cocaine base); 18 U.S.C. 2(a) ("Whoever * * * aids, abets, counsels, commands, induces or procures" the commission of an offense against the United States "is punishable as a principal"). South Dakota officials have informed the Department of Homeland Security that the substance at issue in the case was powder cocaine.

5

tioner concerning the proper definition of "aggravated felony" under 8 U.S.C. 1101(a)(43). While the INA contains a general prohibition on judicial review of denials of discretionary relief by the Attorney General, see 8 U.S.C. 1252(a)(2)(B), the REAL ID Act excepted questions of law from that jurisdictional bar, see Pub. L. No. 109-13, § 106(a)(1)(A)(iii).

The court of appeals then held (Pet. App. 4a) that petitioner's felony conviction constituted an "aggravated felony." Following its prior decision in *United States* v. *Briones-Mata*, 116 F.3d 308 (8th Cir. 1997) (per curiam), the court held that the "plain language" of Section 1101(a)(43) and the criminal law provisions it incorporates establish that "any felony punishable under the Controlled Substances Act," "under either state or federal law," is an aggravated felony. Pet. App. 4a. Because petitioner's conviction was for a felony offense and was for conduct that was independently punishable under the Controlled Substances Act, the court held that it qualified as an "aggravated felony" (Pet. App. 5a), which rendered petitioner ineligible for cancellation of removal (*id*. at 7a). In so holding, the court noted (*id*. at 4a-5a) that its decision accorded with the Fifth Circuit's decision in *United States* v. *Hernandez-Avalos*, 251 F.3d 505, cert. denied, 534 U.S. 935 (2001), but was contrary to the Ninth Circuit's decision in *Cazarez-Gutierrez* v. *Ashcroft*, 382 F.3d 905 (9th Cir. 2004).[4]

---

[4] The court also rejected (Pet. App. 5a-7a) petitioner's argument that the Board's application of *Yanez-Garcia*, *supra*, was impermissibly retroactive. Petitioner has not sought this Court's review of that aspect of the court of appeals' decision.

6

**DISCUSSION**

While the decision of the court of appeals is correct, the courts of appeals are divided on whether a state-law felony drug offense qualifies as an "aggravated felony" if it would be punishable only as a misdemeanor under federal law. That issue is a recurring one that arises in both the immigration context and in the federal criminal sentencing context. The courts of appeals are divided in both the immigration and sentencing areas, with some circuits classifying state-law felonies differently in the two contexts. The proper resolution of the issue has important implications for enforcement of the Nation's immigration and criminal laws, and thus merits this Court's review. This case appears to be an appropriate vehicle for resolution of that question.[5]

1. a. *Immigration Context.* The courts of appeals have issued conflicting rulings on whether an "aggra-

---

[5] The Department of Homeland Security has informed this Office that, on January 4, 2006, petitioner was removed, at his own request, to Mexico. That development does not moot the case or otherwise legally diminish the parties' interest in this Court's resolution of the question presented. The determination that petitioner committed an aggravated felony in this case barred him from pursuing his application for cancellation of removal. Pet. App. 3a-4a, 7a; 8 U.S.C. 1229b(a). Because, to the government's knowledge, petitioner has not been convicted of any other criminal offense, were this Court to decide that his cocaine conviction is not an aggravated felony, the Board would address petitioner's request for cancellation of removal, which is a form of relief that petitioner can continue to pursue in administrative proceedings even while he is in Mexico. Were the Attorney General to exercise his discretion to cancel the removal, petitioner would then be permitted to return to the United States. Cf. *United States* v. *Villamonte-Marquez*, 462 U.S. 579, 581 n.2 (1983). In addition, a determination that petitioner is not an aggravated felon would lift the statutory restriction on his readmission to the United States, 8 U.S.C. 1182(a)(9)(A)(i) and (ii).

7

vated felony" under the INA, 8 U.S.C. 1101(a)(43), in-cludes a state-law felony conviction for a drug offense that would be punishable only as a misdemeanor under the relevant federal controlled substances law. The Fifth Circuit, like the court of appeals here, Pet. App. 4a, has held that a state-law felony conviction consti-tutes an "aggravated felony" as long as the offense con-duct would be punishable—either as a felony or a mis-demeanor—under the statutorily designated federal controlled substances laws (*i.e.*, the Controlled Sub-stances Act, 21 U.S.C. 801 *et seq.*, the Controlled Sub-stances Import and Export Act, 21 U.S.C. 951 *et seq.*, or the Maritime Drug Law Enforcement Act, 46 U.S.C. App. 1901 *et seq.*). See *United States* v. *Hernandez-Avalos*, 251 F.3d 505, 508 (5th Cir.), cert. denied, 534 U.S. 935 (2001); see also *Salazar-Regino* v. *Trominski*, 415 F.3d 436, 448 (5th Cir. 2005), petition for cert. pend-ing, No. 05-830 (filed Dec. 22, 2005).

The Second, Third, and Ninth Circuits, by contrast, have held in immigration cases that a state-law offense will qualify as an "aggravated felony" only if the offense would also be punishable as a felony under federal law. See *Cazarez-Gutierrez* v. *Ashcroft*, 382 F.3d 905, 910-918 (9th Cir. 2004); *Gerbier* v. *Holmes*, 280 F.3d 297, 307-316 (3d Cir. 2002); *Aguirre* v. *INS*, 79 F.3d 315, 317-318 (2d Cir. 1996). The issue is currently pending in the Seventh and Tenth Circuits. See *Gonzales-Gomez* v. *Achim*, No. 05-2728 (7th Cir.) (argued Jan. 4, 2006); *Gonzalez-Gonzalez* v. *Weber*, No. 04-1181 (10th Cir.) (argued March 8, 2005).

b. *Criminal Sentencing Context.* The Sentencing Guidelines adopt the INA's definition of "aggravated felony" for purposes of authorizing an eight-level adjust-ment in the advisory sentencing range for illegal reentry

8

convictions. See Sentencing Guidelines § 2L1.2(b)(1)(C) and comment.(n.3(A)); see also 8 U.S.C. 1326(b)(2) (authorizing a sentence of up to 20 years for reentry by an alien whose prior removal "was subsequent to a conviction for commission of an aggravated felony"). In construing the phrase "aggravated felony" in 8 U.S.C. 1101(a)(43)(B) in the sentencing context, the courts of appeals have recently come into conflict.

Almost every court of appeals to consider the question in a sentencing case has held that state-law controlled substance felonies constitute aggravated felonies even if punishable only as a misdemeanor under federal law. See *United States* v. *Wilson*, 316 F.3d 506, 512-514 (4th Cir.), cert. denied, 538 U.S. 1025 (2003); *United States* v. *Pornes-Garcia*, 171 F.3d 142, 145-148 (2d Cir.), cert. denied, 528 U.S. 880 (1999); *United States* v. *Simon*, 168 F.3d 1271, 1272 (11th Cir.), cert. denied, 528 U.S. 844 (1999); *United States* v. *Hinojosa-Lopez*, 130 F.3d 691, 693-694 (5th Cir. 1997); *United States* v. *Briones-Mata*, 116 F.3d 308, 309-310 (8th Cir. 1997) (per curiam); *United States* v. *Cabrera-Sosa*, 81 F.3d 998, 1000-1001 (10th Cir.), cert. denied, 519 U.S. 885 (1996); *United States* v. *Restrepo-Aguilar*, 74 F.3d 361, 364-366 (1st Cir. 1996). The Ninth Circuit likewise has held that a state-law drug felony is sufficient, *United States* v. *Ibarra-Galindo*, 206 F.3d 1337, 1339-1340 (9th Cir. 2000), cert. denied, 531 U.S. 1102 (2001), at least where the maximum punishment authorized by state law exceeds one year of imprisonment, *United States* v. *Robles-Rodriguez*, 281 F.3d 900, 904-905 (9th Cir. 2002). See also *United States* v. *Cordoza-Estrada*, 385 F.3d 56, 58 (1st Cir. 2004) (same as *Robles*).

The Sixth Circuit, however, recently held in the sentencing context that the state-law offense must also be

9

punishable as a felony under federal law before it will constitute an aggravated felony. See *United States* v. *Palacios-Suarez*, 418 F.3d 692, 697-700 (6th Cir. 2005). But that court has indicated that, even if the offense conduct ordinarily would be punishable only as a misdemeanor under federal law, the state offense will still qualify as an aggravated felony if the defendant's recidivist history would have rendered him eligible for a felony sentence had he been prosecuted under federal law. *Id.* at 700. See also *United States* v. *Simpson*, 319 F.3d 81, 85-86 & n.6 (2d Cir. 2002) (same); *United States* v. *Haggerty*, 85 F.3d 403, 406 (8th Cir. 1996) (same); *United States* v. *Forbes*, 16 F.3d 1294, 1301 (1st Cir. 1994) (same).

The fact that the Second and Ninth Circuits have adopted different readings of the same statutory language in 8 U.S.C. 1101(a)(43)(B), depending on whether that immigration law provision is implicated in an immigration case or a sentencing case, further compounds the confusion. Compare *Cazarez-Gutierrez*, *supra*, and *Aguirre*, *supra*, with *Ibarra-Galindo*, *supra*, and *Pornes-Garcia*, *supra*; contrast *Palacios-Suarez*, 418 F.3d at 697 (refusing to adopt differing constructions of the statutory text for immigration and sentencing cases); *Hernandez-Avalos*, 251 F.3d at 509 (same); cf. *Leocal* v. *Ashcroft*, 543 U.S. 1, 12 n.8 (2004) (courts "must interpret [a] statute consistently, whether we encounter its application in a criminal or noncriminal context").

Accordingly, the question presented has been broadly considered by the courts of appeals and the conflict is entrenched and multi-dimensional. Further consideration of the question by other courts of appeals will simply exacerbate, rather than ameliorate, the conflict.

10

An exercise of this Court's certiorari jurisdiction to resolve the question is warranted.

2. The question of when state felony drug offenses constitute aggravated felonies under the INA is a frequently recurring issue of significant importance. The Department of Homeland Security has informed this Office that, in Fiscal Year 2005, more than 77,000 aliens with criminal records were ordered removed from the United States, and that approximately 9.5% of those aliens had arrests for drug possession offenses. While it is difficult to calculate precisely how many of those removals turned upon denominating the crime an "aggravated felony," because statistics are not kept at that level of detail, the large number of removals that arise annually involving aliens convicted of controlled substance offenses confirms what the case law and the federal government's experience in administering the immigration laws indicate: the characterization of a state controlled substance felony as an aggravated felony is a frequently recurring issue, and continued confusion about the proper interpretation of that term consumes significant governmental and private resources and complicates and delays the proper enforcement of the immigration laws.

Indeed, the lack of uniformity in circuit precedent has prompted the Board of Immigration Appeals to eschew administration of a consistent definition of "aggravated felony" in immigration cases. Initially, in *In re K-V-D-*, 22 I. & N. Dec. 1163 (1999), the Board held that a state felony drug possession conviction would qualify as an aggravated felony only if it also was punishable as a felony under the applicable federal drug laws. But, because it came to recognize "[t]he analytical difficulties inherent in the hypothetical felony approach," and be-

11

cause contrary federal circuit rulings had overriden the Board's *K-V-D-* decision in a number of circuits, the Board subsequently abandoned *K-V-D-* as precedent. *In re Yanez-Garcia*, 23 I. & N. Dec. 390, 393 (BIA 2002). The Board held in *Yanez-Garcia*, instead, that it would follow the rule adopted by the circuit court of appeals in which the immigration case arose concerning when a state drug offense qualifies as an aggravated felony. *Id*. at 393-398. In the circuits that had not decided the issue, the Board determined that it would apply the rule that a state felony possession offense is an aggravated felony as long as it is punishable under federal law as either a felony or a misdemeanor, because that approach "bears considerable logical force and flows coherently and intuitively from the relevant statutory language," while avoiding the "often-convoluted hypothetical analysis that can be difficult to apply in practice," *id*. at 397-398. Granting the petition in this case thus would promote stability and a consistent approach to the definition of aggravated felony in immigration cases.

12

## CONCLUSION

The petition for a writ of certiorari should be granted.

Respectfully submitted.

PAUL D. CLEMENT
*Solicitor General*

PETER D. KEISLER
*Assistant Attorney General*

DONALD E. KEENER
JOHN ANDRE
*Attorneys*

JANUARY 2006