# Exhibit I

# Exhibit I

# COVINGTON & BURLING

1201 PENNSYLVANIA AVENUE NW
WASHINGTON, DC 20004-2401
TEL 202.662.6000
FAX 202.662.6291
WWW.COV.COM

WASHINGTON
NEW YORK
SAN FRANCISCO
LONDON
BRUSSELS

202.662.5277

WRITER'S DIRECT DIAL NUMBER

April 24, 2006

<u>Via Federal Express</u>

FOIA/PA Section
Information Disclosure Unit
Mission Support Division
Office of Investigations
U.S. Immigration and Customs Enforcement
425 I Street, NW, Room 4038
Washington DC 20536

Re:   <u>New FOIA Request and Request for EXPEDITED
      PROCESSING</u>

Dear Office of Investigations:

We represent the Transactional Records Access Clearinghouse ("TRAC"). As you may know, on April 3, 2006, the United States Supreme Court granted *certiorari* in *Lopez v. Gonzales*, No. 05-547, and *Toledo-Flores v. United States*, No. 05-7664. *See* Order List for U.S. Supreme Court in these consolidated cases, Apr. 3, 2006 (attached), at http://www.supremecourtus.gov/. These cases address whether drug possession convictions that qualify as state felonies, but would not qualify as felonies under federal law, nonetheless constitute aggravated felonies under the INA.

In January, 2006, the office of Solicitor General of the Department of Justice filed a brief supporting the petitioners' request for certiorari, in case No. 05-547. That brief stated at page 10 that "The Department of Homeland Security has informed this Office that, in fiscal year 2005, more than 77,000 aliens with criminal records were ordered removed from the United States, and that approximately 9.5% of those aliens had arrests for drug possession offenses." *See* Brief of Respondent on Petition for Writ of Certiorari, *Lopez v. Gonzales*, No. 05-547 at 10 (Sup. Ct. Jan. 2006) (attached).

Accordingly, under the provisions of the Freedom of Information Act, we request a copy of any and all existing analyses, memos, reports, tabulations, memos

06 0878

**FILED**

MAY 1 0 2006

NANCY MAYER WHITTINGTON, CLERK

COVINGTON & BURLING

FOIA/PA Section
April 24, 2006
Page 2

and other forms of communication or recordings (letters, emails, telephone notes, etc.) that contain statistical information regarding the number of aliens, particularly lawful permanent residents, with arrests and/or convictions for drug possession.

Concerning these aliens, we further request statistical information not only on their numbers but also on (a) their immigration status, (b) their characteristics (for example, how long they have been in the United States, the number and status of children, how long ago the arrest or conviction took place), (c) whether or not they were classified as aggravated felons, and (d) the outcome of their cases, (for example, have they been ordered removed, was removal judicial or administrative, have they granted some form of relief?).

We understand that not all of the types of characteristics and/or outcomes may be available in any one analysis, or report, or tabulation and we request whatever data are available. We also want to emphasize that the example listed of characteristics and outcomes are not meant to be the only characteristics and outcomes we have interest in. Rather, they are meant to be illustrative of the kinds of characteristics and treatments that we are interested in obtaining that may have been reported or communicated in existing records. As we note below, should you have any questions concerning this, please don't hesitate to call us.

We also wish to emphasize that our request is not limited to data or statistics derived from any one database but covers all existing information sources. We do note that the DACS database appears to have some information relevant to our request regarding aliens and their classification and treatment. For example, DACS would contain information pertaining to:

- Outcome of cases, as reflected in DECISION-CODE field;
- Length of time in the U.S. as reflected by the ENT-DATE field; and
- Number and status of children as reflected in CHILD STAT field.

Whenever these requested records exist in electronic form, we request that they be provided on computer media and that you discuss with us the choice of suitable media and recording formats to be used.

Request for Expedited Processing

We ask that this request be processed in an expedited manner. The subject matter of the U.S. Supreme Court litigation, pertaining to the immigration

COVINGTON & BURLING

FOIA/PA Section
April 24, 2006
Page 3

consequences of criminal convictions and, in particular, whether to classify drug possession convictions which are felonies under state but not federal law as aggravated felonies, is an extremely urgent and important one.

Under the Freedom of Information Act, 5 U.S.C. § 552(a)(5)(E), and the Department of Homeland Security regulations implementing that Act, 6 C.F.R. § 5.5(d), ICE must grant expedited processing if it determines (1) that the requester is "primarily engaged in disseminating information," and (2) that there is "urgency to inform the public concerning actual or alleged Federal Government activity." 5 U.S.C. § 552(a)(5)(E); *accord* 6 C.F.R. § 5.5(d)(1)(ii). Both factors are present in this case.

First, requester TRAC is a nonprofit educational institution primarily engaged in making information about the federal government's enforcement and regulatory efforts more accessible to the public. As TRAC's web site states: "The purpose of TRAC is to provide the American people — and institutions of oversight such as Congress, news organizations, public interest groups, businesses, scholars and lawyers — with comprehensive information about federal staffing, spending, and the enforcement activities of the federal government." *See* Transactional Records Access Clearinghouse, About Us (attached), at http://trac.syr.edu/aboutTRACgeneral.html.

TRAC accomplishes this goal in two primary ways: by acquiring and making available information about federal government activities via the Internet, and by performing analyses of raw data, so that the underlying information can be understood and interpreted more accurately by its users. TRAC maintains collections of information about numerous parts of the government, including the IRS, DEA, FBI, ATF, and DHS, as well as the operations of U.S. courts. TRAC obtains and analyzes this information with the goal of informing the public about government policy; it has no commercial interest in any of the information it obtains. TRAC has also been repeatedly classified by various government agencies as a member of the news media and as an educational institution.

The information at issue in this request is relevant to the Supreme Court's consideration of the *Lopez* and *Toledo-Flores* cases. As noted above, the Solicitor General has stated in a court filing that 77,000 aliens with criminal records were ordered removed in 2005, of whom about 7,300 (9.5% of 77,000) had felony drug possession convictions. Brief of Respondent on Petition for Writ of Certiorari, *Lopez v. Gonzales*, No. 05-547 at 10 (Sup. Ct. Jan. 2006) (attached). Other than this one statistic, not much is publicly known about these persons. DHS releases very little statistical information about criminal removals, nor about those with criminal

COVINGTON & BURLING

FOIA/PA Section
April 24, 2006
Page 4

convictions in general or aggravated felonies in particular. And by the Government's own admission, *id.*, it does not maintain data on the proportion of removals of persons with drug possession offenses that turn on a finding of aggravated felony.

Therefore, this FOIA request aims to provide a fuller context of this important area by looking at the broader impacts of non-citizen criminal arrests. It seeks information, for instance, to allow one to determine what correlation exists between arrests and removal orders by asking for information on how many of those arrested were <u>not</u> ordered removed. This request also seeks a more complete picture of the potential impacts of felony drug possession offenses upon those ordered removed and their families by asking about their specific immigration status, the length of their presence in the U.S. and the number and immigration status of their children.

<u>Second</u>, there is urgency in this case to inform the public concerning actual government activity, namely, the removal of aliens for aggravated felony convictions. The pending Supreme Court cases provide ample justifications for the urgency that exists in this case. Likewise, the ongoing national debate about immigration policy attests to the timeliness of this request.

The Supreme Court's grant of *certiorari* in this matter shows the importance of this issue. It is common knowledge that the Court grants writs of *certiorari* in only a tiny percentage of such requests. Indeed, these consolidated cases were the only cases granted *certiorari* on April 3, 2006, while 114 other requests were denied. See Order List, *supra*. In its subsequent announcement of *certiorari* decisions, April 17, the Court granted 3 requests while denying over 300.

In further underscoring the importance of this issue, the US Government took the unusual step of filing a brief in support of the petitioners' request for *certiorari* — even though the government prevailed in the lower court. See Brief of Respondent, *supra*. It did so out of concern that there is a split among the circuits on such a "frequently recurring issue of significant importance." *Id.* at 10. Clearly all parties and the Court — as well as the American public — will benefit by having a fuller range of information that this FOIA request will afford. The Supreme Court should not operate in an informational vacuum.

In deciding this important issue, however, the Supreme Court can only consider information that is available to it at the time of its decision. Unlike other instances in which expedited processing in FOIA requests is sought, this matter is not merely in the public interest with an open-ended timeframe. Counsel for

COVINGTON & BURLING

FOIA/PA Section
April 24, 2006
Page 5

petitioner Lopez have told TRAC that briefing, with an anticipated 30-day extension, will be due on or before June 18, 2006. Therefore, <u>the information sought must be received well in advance of June 18</u>, in order to give interested parties sufficient time to analyze the information.

Finally, we are concerned with the timely processing of this FOIA request. Because we received no written or verbal acknowledgement to our February 2, 2006 FOIA request, we submitted a follow-up letter on March 8, 2006. Mr. Larry Katzman of TRAC had a subsequent telephone conversation with Ms. Andrea Terwilliger of ICE's FOIA office on March 17, 2006. At that time, while emphasizing that she is not responsible for prioritizing FOIA responses and could not estimate the response time to our request, Ms. Terwilliger stated that some requests were taking at least 18 months to fill, due to backlogs and a small staff. We remind ICE that a decision on a request for expedited processing must be made within **ten calendar days** of receipt of the request. 6 C.F.R. § 5.5(d)(4). Should ICE deny our request, it must immediately notify us in writing of such determination. 6 C.F.R. § 5.6(c).

<u>Other Requests</u>

We request that we be classified as "a representative of the news media" under the provisions of the Freedom of Information Act and as representatives of "an educational or non-commercial scientific institution, whose purpose includes scholarly, scientific research." TRAC is a research data center at Syracuse University and carries out an active program of scholarly research. TRAC actively seeks to promote public understanding of the operation of the federal government through the gathering and dissemination of information. TRAC actively seeks to promote public understanding of the operation of the federal government through the gathering and dissemination of information. TRAC actively gathers information of interest to the public, transforms this information into various works utilizing its editorial and research expertise, and makes these works available to the public.

We also request for a full waiver of fees, pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)–(iii). Disclosure of the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations and activities of the federal government. Specifically, these records are being sought to assist us in preparing our regularly-published reports, made available through our web site (http://trac.syr.edu/), which focuses on federal staffing, spending, and enforcement activities. The information sought here is unique in many ways and will allow us to undertake a more detailed examination of the operation of federal government. Attached to this letter is an attachment

COVINGTON & BURLING

FOIA/PA Section
April 24, 2006
Page 6

containing details in support of our classification and fee waiver requests. It is a reprint of an attachment to a different FOIA request sent to your agency on March 23, 2006.

Please send the materials you provide pursuant to this request by email to lkatzman@syr.edu and/or by mail to TRAC's Washington office:

>Transactional Records Access Clearinghouse
>ATTN: Larry Katzman
>Suite 200
>1718 Connecticut Ave., NW
>Washington, DC 20009

Should you have any questions about our request, or if we can be of any assistance to facilitate the processing of this request, please contact me at 202-662-5277, or Larry Katzman at 202-518-9000, ext. 2. Thank you for your expedited attention to this urgent matter.

Sincerely yours,

Roger A. Ford*

Enclosures

cc:   Larry Katzman, Manager
      TRAC Immigration Project (by email)

* Admitted to the Bar of Massachusetts. Not admitted to the Bar of the District of Columbia, and supervised by principals of the firm.