UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                              )
SUSAN B. LONG, et al.,                        )
                                              )
            Plaintiff,                        )
      v.                                       )
                                              )    Civil Action No. 06-0878
DEPARTMENT OF HOMELAND                         )
SECURITY,                                      )
                                              )
            Defendant.                         )
                                              )
_____ )

MEMORANDUM OPINION AND ORDER

         This matter is before the Court on the motion for preliminary injunction filed by

plaintiffs Susan B. Long and David Burnham, co-directors of Transactional Records Access

Clearinghouse ("TRAC"), and plaintiff Larry Katzman, manager of TRAC's immigration project.

Upon consideration of the briefs and the supporting documentation filed by the parties, the Court

denies the motion for preliminary injunction.

I.  FACTUAL BACKGROUND

         Two Freedom of Information Act ("FOIA") requests are at issue in this litigation.

Plaintiffs sent their first FOIA request by fax on February 2, 2006 to the United States

Immigration and Customs Enforcement ("ICE"), a component of defendant Department of

Homeland Security ("DHS").  Katzman Affidavit ¶ 10; see also Plaintiffs' First FOIA Request,

Plaintiff's Exhibit ("Pl.'s Ex.") G.  The plaintiffs requested the source underlying statistics cited

in a brief submitted to the Supreme Court by the Solicitor General on behalf of the United States.

Memorandum in Support of Plaintiffs' Motion for a Preliminary Injunction ("Pl.'s Mem.") at 6; see also Pl.'s Ex. G. The brief in question was submitted in response to a petition for a writ of certiorari. See Brief for Respondent, Lopez v. Gonzales (No. 05-547) (Jan. 2006), Pl.'s Ex. B. Plaintiffs' FOIA request specifically seeks information regarding the government's claim in its legal brief that "77,000 aliens with criminal records were ordered removed in 2005, and that 9.5% of those aliens had arrests for drug possession offenses." Pl.'s Mem. at 6. Plaintiffs stated in their FOIA request that they need the records in order to prepare "regularly-published reports on immigration enforcement." See Pl.'s Ex. G.

    Having not heard from the agency, on March 8, 2006, plaintiff Katzman sent a letter to the agency asking for the status of the February 2, 2006 request. Katzman Affidavit ¶ 11; Katzman Letter, Pl.'s Ex. H. On March 16, 2006, an Immigration and Customs Enforcement staff assistant telephoned Mr. Katzman to inform him that ICE had not yet assigned a tracking number or status to the request. Katzman Affidavit ¶ 12.

    Shortly thereafter, on April 3, 2006, the Supreme Court granted certiorari in Lopez v. Gonzales, 417 F.3d 934 (8th Cir. 2005), cert. granted, 126 S. Ct. 1651 (Apr. 3, 2006) (No. 05-547), consolidated with another case presenting a similar question, Toledo-Flores v. United States, 149 Fed. Appx. 241 (5th Cir. 2005), cert. granted, 126 S. Ct. 1652 (Apr. 3, 2006) (No. 05-7664). See Supreme Court Order List (April 3, 2006), Pl.'s Ex. C at 2. The Lopez case presents the issue of "[w]hether an immigrant who is convicted in a state court of a drug crime that is a felony under the state's law but that would only be a misdemeanor under federal law has committed 'an aggravated felony' for purposes of immigration laws." Pl.'s Mem. at 4-5 (quoting Petition for Writ of Certiorari, Pl.'s Ex. A). Given this new development, plaintiffs sent a second

FOIA request to ICE on April 24, 2006, seeking "any and all existing analyses, memos, reports, tabulations, memos, and other forms of communication or recordings (letters, emails, telephone notes, etc.) that contain statistical information regarding the number of aliens, particularly lawful permanent residents, with arrests and/or convictions for drug possession."  See Plaintiffs' Second FOIA Request, Pl.'s Ex. I at 1-2.  Plaintiffs asked that their request be expedited on the ground that the requested records are relevant to the Supreme Court's consideration of Lopez and Toledo-Flores, which have an estimated briefing deadline of June 16, 2006.  Katzman Affidavit ¶ 14; see also Pl.'s Ex. I at 5 (stating that the Supreme Court amicus brief deadline is June 18, 2006, which is a Sunday); Pl.'s Mem. at 15 (stating that it is a possible that there will be a one-month extension after June 16, 2006).  Plaintiffs did not state that they themselves plan on filing an amicus brief, only that the information sought must be received well in advance of the Supreme Court deadline for submissions in order to give interested parties time to analyze the information.  Pl.'s Ex. I at 5.

        On May 10, 2006, before receiving any agency response to their second FOIA request, plaintiffs filed the instant suit seeking an order requiring that the DHS process both of their FOIA requests immediately.  On the same day, plaintiff moved for a preliminary injunction seeking an order requiring defendant to (1) expedite processing of plaintiffs' FOIA requests; (2) complete the processing of plaintiffs' request within 20 days; and (3) provide a Vaughn index within 30 days.[1]

_____

[1]        Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973).

## II.  DISCUSSION

### A.  Standards for Preliminary Injunction

In deciding whether to grant emergency injunctive relief, the Court must consider (1) whether there is a substantial likelihood that plaintiffs will succeed on the merits of their claim, (2) whether plaintiffs will suffer irreparable injury in the absence of an injunction, (3) the harm to defendants or other interested parties (balance of harms), and (4) whether an injunction would be in the public interest or at least not be adverse to the public interest.  See Serono Laboratories, Inc. v. Shalala, 158 F.3d 1313, 1317-18 (D.C. Cir. 1998); Sea Containers Ltd. v. Stena AB, 890 F.2d 1205, 1208 (D.C. Cir. 1989); Washington Metro Area Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 843 (D.C. Cir. 1977); Milk Industry Foundation v. Glickman, 949 F. Supp. 882, 888 (D.D.C. 1996).

Plaintiffs are not required to prevail on each of these factors.  Rather, these factors must be viewed as a continuum, with more of one factor compensating for less of another.  See Washington Metro Area Transit Comm'n v. Holiday Tours, Inc., 559 F.2d at 843-45.  "If the arguments for one factor are particularly strong, an injunction may issue even if the arguments in other areas are rather weak."  CityFed Fin. Corp. v. Office of Thrift Supervision, 58 F.3d 738, 747 (D.C. Cir. 1995).  An injunction may be justified "where there is a particularly strong likelihood of success on the merits even if there is a relatively slight showing of irreparable injury."  Id.  Conversely, when the other three factors strongly favor interim relief, a court may grant injunctive relief when the moving party has merely made out a "substantial" case on the merits.  The necessary level or degree of likelihood of success that must be shown will vary according to the Court's assessment of other factors.  Washington Metro. Area Transit Comm'n

4

v. Holiday Tours, Inc., 559 F.2d at 843-45.  In sum, an injunction may be issued "with either a

high probability of success and some injury, or vice versa."  Cuomo v. United States Nuclear

Regulatory Comm'n, 772 F.2d 972, 974 (D.C. Cir. 1985).

### B.  Success on the Merits

In order to succeed on the merits of their claim for expedited treatment of their

request under the FOIA, plaintiffs must show a "compelling need" for expedition.  5 U.S.C.

§ 552(a)(6)(E)(i).  A compelling need is established if a person "primarily engaged in

disseminating information" shows an "urgency to inform the public concerning actual or alleged

Federal Government activity."  5 U.S.C. § 552(a)(6)(E)(v)(ii); see also 6 C.F.R. § 5.5(d)(1)(ii).

"In determining whether requesters have demonstrated 'urgency to inform,' and hence

'compelling need,' courts must consider at least three factors: (1) whether the request concerns a

matter of current exigency to the American public; (2) whether the consequences of delaying a

response would compromise a significant recognized interest; and (3) whether the request

concerns federal government activity."  Al-Fayed v. CIA, 254 F.3d 300, 310 (D.C. Cir. 2001).

The D.C. Circuit has explained that these factors must be narrowly applied and that "[t]he

public's right to know, although a significant and important value, would not by itself be

sufficient to satisfy this standard."  Id. (quoting H.R. Rep. No. 104-795, at 26 (1996)).

Plaintiffs provide three reasons to support their claim of compelling need for

expedition.  First, plaintiffs assert that the requested information relates to the pending Supreme

Court cases Lopez and Toledo-Flores, and argue that they need their FOIA request fulfilled in

advance of the briefing deadline of either June 16 or June 18, 2006 in order to make the

requested information available to third parties that may wish to file briefs.  Pl.'s Mem. at 15-16.

Second, plaintiffs claim that their FOIA requests are relevant to the ongoing national debate

about immigration policy and to Congress' consideration of changes to the immigration laws.  Id.

at 16.  Finally, plaintiffs assert that they are entitled to expedited processing because defendants

failed to respond to their FOIA requests within the relevant statutory time frame.  Id. at 16-17.

       These arguments, however, are insufficient to establish plaintiffs' entitlement to

expedition.  As to their first argument, plaintiffs have neither stated that any particular person or

entity plans on filing an amicus brief or otherwise participate in the pending Lopez and Toledo-

Flores arguments or that any such potential non-party filer has requested information from TRAC

to assist it in doing so.  Plaintiffs cite only to a generalized need to have this information

available for such persons who might want to file an amicus brief.  Finally, even if plaintiffs had

intended to file a brief or assist others who might wish to do so, the deadline for filing that

plaintiff Katzman specified in his affidavit has expired.  See Katzman Affidavit ¶ 14.  Thus, it

cannot be said that plaintiffs' request concerns "a matter of current exigency" or that the

consequences of DHS delaying a response "would compromise a significant recognized interest."

Al-Fayed v. CIA, 254 F.3d at 310.

       Plaintiffs' second argument for expedition, that the information is needed to

inform the ongoing national debate about immigration policy, is also misguided.  Plaintiffs

correctly assert that judges of this Court have found sufficient exigency to grant expedited

processing in situations where there was an ongoing public controversy associated with a specific

time frame.  See, e.g., Leadership Conference on Civil Rights v. Gonzales, 404 F. Supp. 2d 246,

260 (D.D.C. 2005) (finding urgency element met because of the upcoming expiration of special

provisions of the Voting Rights Act in a situation where plaintiff requested information to coordinate the legislative campaign to re-authorize provisions of the Act); ACLU v. Dep't of Justice, 321 F. Supp. 2d 24, 29 (D.D.C. 2004) (finding exigency because of the "ongoing debate regarding the renewal and/or amendment of the Patriot Act").  Plaintiffs here, however, have failed to identify an imminent action indicating that the requested information will "not retain its value if procured through the normal FOIA channels." Al-Fayed v. CIA, Civil Action No. 00-2092, 2000 WL 34342564, at *5 (D.D.C. Sept. 20, 2000).

Plaintiffs' third argument fails as well.  Defendant's failure to comply with the relevant statutory deadlines does not establish plaintiffs' right to expedited processing. 5 U.S.C. § 552(a)(6)(A)(i) directs an agency receiving a FOIA request to determine within twenty business days whether to comply with such a request and to notify immediately the person making the request of such determination and of the reasons therefor.  If "unusual circumstances" exist, as defined by the statute, this deadline may be extended for an additional ten days by providing written notice to the person or entity placing a request.  5 U.S.C. § 552(a)(6)(B)(i).  If the agency fails to comply with the statutory time requirements, as the defendant admittedly did here, the person or entity making the request may file suit in federal court before exhausting administrative remedies.  5 U.S.C. § 552(a)(6)(C)(i).  The court then may either order the production of any agency records improperly withheld or, upon a finding of "exceptional circumstances" and "due diligence" by the agency, retain jurisdiction and allow the agency additional time to complete its review of the requested records.  5 U.S.C. § 552(a)(6)(C)(i).

7

The failure to meet these statutory deadlines – all too common, unfortunately, in view of the number of FOIA requests made to agencies and the limited resources available to deal with them – nevertheless does not constitute a "compelling need" under the statute.

Since the Court already has determined that plaintiffs have failed to establish an "exceptional need or urgency" for the documents, the Court sees no reason not to allow defendant to process plaintiffs' request in the ordinary course. Furthermore, plaintiffs' second FOIA request appears to be very broad, as it seeks "all existing information sources" concerning aliens with arrests or convictions for drug possession and is not limited to any particular time period or any specific communications or recordings. Defendant's Opposition to Plaintiffs' Motion for a Preliminary Injunction ("Def.'s Opp.") at 16; see also Pl.'s Ex. I at 2. Given the broad scope of plaintiffs' requests, defendant maintains – and the Court agrees – that an order requiring the agency to process their requests within twenty days and to produce a Vaughn index within ten days thereafter is premature. Def.'s Opp. at 16-17. The government has not yet had a chance to review its files, prepare and file a dispositive motion, and provide the Court with the information necessary to make a decision on any material that might be subject to an exemption under the FOIA. See Miscavige v. IRS, 2 F.3d 366, 369 (11th Cir. 1993); see also United States Comm. on Refugees v. Dep't of State, Civil Action No. 91-3303, 1992 WL 35089, at *1 (D.D.C. Feb. 7, 1992) ("the preparation of a Vaughn index is unwarranted before the filing of dispositive motions").

## C. Irreparable Harm

The Court's conclusion that plaintiffs are "not likely to succeed on the merits effectively decides the preliminary injunction issue" in this case. See Serono Laboratories, Inc.

8

v. Shalala, 158 F.3d 1313, 1326 (D.C. Cir. 1998).  It is hard to see how plaintiffs would be

irreparably harmed once it has been found that their request fails the "compelling need"-

"urgency" test of the statute.  Plaintiffs assert that any further delay by the defendant risks

"harming plaintiffs' ability to timely inform the public about the government's treatment of

aliens with drug possession convictions, and the public's ability to participate in the related

pending Supreme Court cases and the debate over immigration policy."  Pl.'s Mem. at 17.  As

explained above, however, plaintiffs have failed to identify a time frame in which the requested

information would no longer be valuable.  The Court need not grant injunctive relief "against

something merely feared as liable to occur at some indefinite time."  Wisconsin Gas Co. v. Fed.

Energy Regulatory Comm., 758 F.2d 669, 674 (D.C. Cir. 1985).

### D.  Balance of Harms and Public Interest

Finally, the interests of other FOIA requesters and the public tip in favor of

denying an injunction.  To compel the agency to provide expedited processing would merely

place plaintiffs' request ahead of others that are awaiting responses to their requests.  Such a

result would injure others who made their requests before the plaintiff or who have presented

more meritorious applications for expedited processing.  For this reason, the balance of the harms

and the interest of the public tip in favor of denying the injunction.  Al-Fayed v. CIA, Civil

Action No. 00-2092, 2000 WL 34342564, at *5 (D.D.C. Sept. 20, 2000) ("to compel the agencies

to provide expedited processing is to place Plaintiffs' requests in front of a whole queue of

others"); Nation Magazine v. Dep't of State, 805 F. Supp. 68, 74 (D.D.C. 1992) ("any expedited

treatment of plaintiffs' requests will delay the processing of many other requests made ahead of

plaintiffs by persons or entities not parties to the suit"); Assassination Archives and Research

9

Ctr., Inc. v. CIA, No. 88-2600, 1988 U.S. Dist. LEXIS 18606, at *1 (D.D.C. Sep. 29, 1988)

("granting plaintiff expedited treatment would injure others who have filed FOIA requests ahead

of plaintiff").

For all of these reasons, it is hereby

ORDERED that plaintiffs' motion for a preliminary injunction is DENIED.

SO ORDERED.


/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  June 28, 2006

10